**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MITZI LEIGH CROW,**

  **Plaintiff,**

**vs.**          **Case No.: 4:10cv357-MP/WCS**

**WILLIAM TAYLOR, et al,**

  **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

On August 8, 2011, Defendants filed a motion to dismiss this case due to

Plaintiff's failure to make additional filing fee payments beyond submission of the initial

filing fee as required by court orders.  Doc. 32.  Plaintiff was directed to file a response

to that motion by September 9, 2011.  Doc. 33.  Plaintiff has not responded.

Thereafter, on August 12, 2011, Defendants filed another motion to dismiss, doc.

34, this time asserting, first, that Plaintiff did not exhaust administrative remedies and,

second, that Plaintiff "may not have been housed at FCI Tallahassee at the time black

mold or sewage was discovered in the laundry area."  *Id.*, at 2.  Plaintiff was directed to

respond to that motion and demonstrate she exhausted administrative remedies prior to

initiating this case.  Doc. 35.  Plaintiff's response was due on or before September 24,

2011, *Id.*, and Plaintiff was reminded that pursuant to the local rules of this court, failure to file a response to the motion may be sufficient cause to grant the motion.  N.D. Fla. Loc. R. 7.1.  *Id.*  Plaintiff has not responded.

The first motion to dismiss argues that Plaintiff had been granted *in forma pauperis* status, and the order granting that status pointed out to Plaintiff the requirements of § 1915 that she make additional monthly payments toward the balance of the filing fee.  Doc. 32, *citing* docs. 13, 19.  Because Plaintiff made no further payments beyond the initial filing fee, Defendants suggest the case be dismissed.  Doc. 32.  What was not presented with that motion was information concerning Plaintiff's financial ability to make additional payments.  Plaintiff is only required to make additional payments when the balance in her prison bank account exceeds $10.00.  Because that information is not known, the motion to dismiss should not be granted and the case dismissed on that basis.

The second motion to dismiss should be granted.  The motion demonstrates that Plaintiff "has not filed any administrative remedies regarding her work assignment or addressing any exposure to black mold or raw sewage."  Doc. 34-1, p. 2.  Those are the claims raised in Plaintiff's amended complaint, doc. 15.  She alleged that she worked in the laundry area of F.C.I., Tallahassee, "before and after the black mold and sewage problem was discovered."  Doc. 15, p. 6.  Plaintiff claimed inmates "were instructed to return to work in the hazardous area."  *Id.*  She claimed the area is still unsafe and inmates are still exposed to the area.  *Id.*

**Legal analysis, exhaustion of administrative remedies**

When the Prison Litigation Reform Act was enacted, Congress mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a), *quoted in* doc. 68, p. 2.  The exhaustion requirement of § 1997e(a) is not jurisdictional.  Bryant v. Rich, 530 F.3d 1368, 1374 n.10 (11th Cir.), *cert. denied*, 129 S.Ct. 733 (2008) (citing Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2392, 165 L.Ed.2d 368 (2006)).  Exhaustion, however, is mandatory, whether the claim is brought pursuant to § 1983 or Bivens.  Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998); Woodford v. Ngo, 548 U.S. at 85, 126 S.Ct. at 2382.  There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing.  Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons).  The Court may not consider the futility of administrative remedies, but only the availability of such.  Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000), *citing* Alexander, 159 F.3d at 1323.  Even where an inmate seeks only monetary damages in a civil rights

case, he or she must complete the prison administrative process if it could provide

some sort of relief on the complaint although no money could be given administratively.

Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001).

"The defendants bear the burden of proving that the plaintiff has failed to exhaust

his available administrative remedies."  Turner v. Burnside, 541 F.3d 1077, 1082 (11th

Cir. 2008) (citations to Jones v. Bock and other cases omitted).  A prisoner must also

comply with the process set forth and established by the grievance procedures.  *See*

Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999).  The "PLRA exhaustion

requirement requires proper exhaustion."  Woodford v. Ngo, 548 U.S. at 93, 126 S.Ct. at

2387.  "Proper exhaustion demands compliance with an agency's deadlines and other

critical procedural rules . . . ."  *Id.*, 548 U.S. at 90, 126 S.Ct. at 2386.

> To exhaust administrative remedies in accordance with the PLRA,
> prisoners must "properly take each step within the administrative process."
> *Johnson*, 418 F.3d at 1158[1] (internal quotation marks omitted).  If their
> initial grievance is denied, prisoners must then file a timely appeal.  *See*
> *id.* (stating in *dicta* that "[t]o exhaust remedies, a prisoner must file
> complaints and appeals in the place, and at the time, the prison's
> administrative rules require" (internal quotation marks omitted) (alteration
> in original)); *cf. Harper*, 179 F.3d at 1312 (concluding that a prisoner who
> declined to appeal an untimely grievance failed to exhaust his
> administrative remedies).

Bryant v. Rich, 530 F.3d at 1378.  Even though evidence may be presented to support

or refute a contention that a prisoner has not exhausted the grievance process,

exhaustion is a "matter in abatement and not generally an adjudication on the merits,"

thus, it should be raised and treated as a motion to dismiss, not a summary judgment

---

[1]  Johnson v. Meadows, 418 F.3d 1152 (11th Cir. 2005).

motion.  *Id.*, at 1374-75.  The Court must assure that a prisoner-plaintiff has fair notice

of the opportunity to develop a record to show she has exhausted available remedies.

In this case, Plaintiff has been given notice and an opportunity to respond.

Plaintiff has not responded and, therefore, has not shown that she exhausted

administrative remedies.  Plaintiff is housed within the Bureau of Prisons [hereinafter

"B.O.P."], which has an administrative grievance program.  *See* 28 C.F.R. § 542.10

(2009).  The B.O.P. regulations provide that an inmate "shall first present an issue of

concern informally to staff . . . ."  28 C.F.R. § 542.13(a).  The normal grievance process

requires the filing of an informal grievance, § 542.13, and a formal grievance, § 542.14,

at the institutional level.  The "deadline" for filing one of these grievances at the

institution is "20 calendar days following the date on which the basis for the Request

occurred." § 542.14(a).  If the grievance is denied at the institution, the prisoner may file

an appeal to the regional level within 20 days of the date the Warden signed the

response, followed by an appeal to the General Counsel at the central office within 30

days of the date that the Regional Director signed the response.  § 542.15.  The

undisputed evidence from the Defendants is that Plaintiff did not file "any administrative

remedies" concerning the issues raised in the amended complaint.  Therefore, the

second motion to dismiss must be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' first

motion to dismiss, doc. 32, be **DENIED**, that the second motion to dismiss, doc. 34, be

**GRANTED**, and that Plaintiff's amended complaint, doc. 15, be **DISMISSED** for failure

to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to

state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and

that the order adopting this report and recommendation direct the Clerk of Court to note

on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on October 3, 2011.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**